J. A. FITZGERALD, Appellant, v. O. E. MILLER et al., Appellees.

**COMPROMISE AND SETTLEMENT:** Matters Included—Presumption.
It being conceded, arguendo, that the execution and delivery of a promissory note generate a presumption that all prior mutual claims between the maker and payee were thereby settled, yet such presumption is necessarily rebuttable.

**Headnote 1:** 12 C. J. p. 365.

*Appeal from Wayne District Court.*—H. H. CARTER, Judge.

OCTOBER 20, 1925.

THIS is a foreclosure suit upon a note and mortgage for $2,413. The defendants admitted the execution of the instrument and pleaded a counterclaim thereto. By his reply, the plaintiff denied all items of the counterclaim, and pleaded further that they had all been included in a full settlement between the parties. The trial court allowed the counterclaim to the extent of $805. From such order, the plaintiff has appealed.
—*Affirmed.*

*Steele & Miles,* for appellant.

*H. F. Garrett,* for appellees.

EVANS, J.—The note and mortgage in suit bear date November 10, 1921. Some of the items claimed by the defendants and

allowed by the court antedate the note, in that they accrued in the year 1920. The other items claimed by the defendants accrued in the years 1921 and 1922.

The general nature of the items claimed by the defendants in their counterclaim is that they accrued for benefits received by the plaintiff out of the occupancy of the defendants' farm. These items, so far as they were allowed by the trial court, were proved by evidence without substantial contradiction by the plaintiff, his contention being principally concentrated upon the plea of settlement. The only settlement contended for by him was the execution of the note and mortgage sued on. He does not claim that any actual consideration was given to any of the items of defendants' counterclaim at the time of the execution of such note and mortgage, but he does claim that the execution of the note and mortgage in and of itself presumptively amounted to a full settlement, as a matter of law.

The defendant O. E. Miller is the sister of plaintiff, and the wife of her codefendant, J. M. Miller. The plaintiff is a bachelor. Prior to 1919, he had occupied his 80-acre farm, which adjoined the 80-acre farm of his sister, Mrs. Miller. The respective farms had been acquired by them by inheritance from their mother. The plaintiff, having sold his own farm, moved into the home of his sister, without any preliminary negotiations except a declaration on his part of his intention to build a house for them and to assist in paying their debts. This was at Christmas time in 1919. He brought upon the premises his 17 head of cattle, 5 horses, including a stallion, 150 chickens, and 2 turkeys. He remained there with his stock and poultry for three successive years, and literally "ruled the roost." The items claimed by the defendants are in the main predicated upon the use by the plaintiff of defendants' farm during the years 1920, 1921, and 1922. One modest item of $150 was allowed by the court for a vicious assault and battery with a club upon the defendant J. M. Miller.

The one contention presented for our consideration by the appellant is that the execution of the note and mortgage on November 10, 1921, operated as a bar upon the defendants to set up any prior claim or item, because all such prior claims

were presumptively settled by the execution of the note and mortgage.

Granted that the execution of the note and mortgage was, on its face, presumptive evidence of a settlement of all prior mutual claims of the parties, yet it was presumptive only, and not conclusive. Granted that it put a burden upon the defendants to show that the note and mortgage did not represent a mutual settlement between the parties, and that the items claimed by them were in no manner included therein, such burden has been abundantly sustained. It is shown without dispute, and shown in the first instance by the plaintiff himself, that the note and mortgage were given for borrowed money, and that they represented the exact amount of indebtedness owed to the plaintiff for borrowed money, and nothing else. The very items that went into the note were proved by the plaintiff himself. The amount thereof was not arrived at as a balancing of mutual accounts. At the time of the execution thereof, no consideration was had of any liability of the plaintiff to the defendants. Such liability was at that time wholly unliquidated and necessarily uncertain in amount. Prior to such date, there had been conversation between the parties in an effort to agree upon the amount to be allowed by the plaintiff to the defendants. But no agreement had been reached, and none was thereafter reached. Except an item of $20 conceded by the defendants, the plaintiff did not testify that he had ever paid anything for the benefits received by him during the three years of his occupancy.

The three years of his stay were years of turmoil for the defendants, and of self-defense against vicious threats and final assault and battery. They were finally compelled to resort to a writ of injunction, in order to keep him from their premises.

From a careful examination of the record, we are satisfied with the finding of the trial court as being conservative and well sustained by the evidence.

The judgment is, accordingly, affirmed.—*Affirmed.*

FAVILLE, C. J., and ALBERT and MORLING, JJ., concur.